UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DONNA MANGI,                                    Case No.: 13-cv-00932 (ADS)(ARL)

                Plaintiff,

  -against-                                                    **ANSWER**

AETNA LIFE INSURANCE COMPANY,          DOCUMENT
                                                        ELECTRONICALLY FILED
                Defendant.
----------------------------------------------------------X

       Defendant, AETNA LIFE INSURANCE COMPANY (hereinafter "Aetna"), by and through its attorneys, SEDGWICK LLP, as and for its Answer to plaintiff's Complaint dated November 21, 2012, respectfully sets forth the following upon information and belief:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "FIRST" of the plaintiff's Complaint.

       2.     Denies each and every allegation contained in paragraph "SECOND" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Aetna is an insurance company with a principal place of business in Hartford, Connecticut that is duly licensed to do business in the State of New York, further admits that Aetna entered into an Benefit Services Agreement (BSA) with the Bank of America ("BOA") to administer benefits under BOA's self-funded Short Term Disability ("STD") Plan ("Plan") and respectfully refers to the Plan documents and BSA for the terms, conditions, limitations and exclusions set forth therein.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "THIRD" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §1001, *et seq.* ("ERISA").

NY/1248700v1

4. Denies each and every allegation contained in paragraph "FOURTH" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Aetna administered all benefit claims under the Plan pursuant to the BSA and the Plan and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

5. Denies each and every allegation contained in paragraph "FIFTH" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's benefit claim kept and maintained by Aetna in the usual course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein, except admits plaintiff was a participant in the Plan and an employee of BOA for a portion of 2011.

6. Denies each and every allegation contained in paragraph "SIXTH" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's benefit claim kept and maintained by Aetna in the usual course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein, except admits that by letter dated August 29, 2011, Aetna advised plaintiff that her claim for STD benefits under the Plan had been denied effective August 25, 2011.

7. Denies each and every allegation contained in paragraph "SEVENTH" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's benefit claim kept and maintained by Aetna in the usual course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein, except admits plaintiff filed an administrative appeal of Aetna's initial adverse benefit determination.

8. Denies each and every allegation contained in paragraph "EIGHTH" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's benefit claim kept and maintained by Aetna in the usual course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein, except admits by letter dated December 16, 2011 entitled "Final Level Appeal Determination Letter," Aetna advised plaintiff that following its review of her appeal, it upheld its original adverse benefit determination.

9. Denies each and every allegation contained in paragraph "NINTH" of the plaintiff's Complaint.

10. Denies each and every allegation contained in paragraph "TENTH" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's benefit claim kept and maintained by Aetna in the usual course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein, except admits plaintiff received no STD benefit payments from Aetna.

11. Denies each and every allegation contained in paragraph "ELEVENTH" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's benefit claim kept and maintained by Aetna in the usual course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein.

12. Denies each and every allegation contained in paragraph "TWELFTH" of the plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against defendant.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

14. Plaintiff's First Count alleging a State law based Breach of Contract Cause of Action is completely preempted by ERISA and therefore subject to dismissal.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

15. The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

16. Defendant acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for her claims in this action.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

17. All actions about which plaintiff complains were either required or permitted by applicable law.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

18. Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

19. Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

20. Defendant Aetna, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and Aetna is deemed to have properly exercised this authority unless it abuses its discretion by

acting arbitrarily and capriciously. Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

21. The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Aetna in the regular course of its business.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

22. Plaintiff's claim is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

23. To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined she was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

24. To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined she was not entitled to receive further benefits, her monthly benefit under the Plan must be reduced by any "other income" benefits she was eligible to receive.

WHEREFORE, defendant Aetna prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant, Aetna and against plaintiff;

2. That defendant, Aetna be awarded costs of suit incurred herein;

3. That defendant, Aetna be awarded reasonable attorney's fees; and

NY/1248700v1

4. That defendant, Aetna be awarded such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 27, 2013

Respectfully submitted,

s/ _____
Michael H. Bernstein (0579)
SEDGWICK, LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
Tel: (212) 422-0202
Fax: (212) 422-0925
Michael.bernstein@sedgwicklaw.com
*Attorneys for Defendant*
AETNA LIFE INSURANCE COMPANY

To: Robert C. Mangi, Esq.
1400 Old Country Road, Ste 409
Westbury, New York 11590
Tel: (516) 294-1949
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the attached **ANSWER** (on behalf of AETNA LIFE INSURANCE COMPANY) was served via ECF and regular mail on February 27, 2013, upon:

Robert C. Mangi, Esq.
1400 Old Country Road, Ste 409
Westbury, New York 11590
Tel:  (516) 294-1949
*Attorney for Plaintiff*

Dated:  New York, New York
         February 27, 2013

                                                            _s/_ _____
                                                       Michael H. Bernstein (MB 0579)

NY/1248700v1